Dear Chief Guillory:
This office is in receipt of your request for an opinion of the Attorney General in regard to compensation for overtime for your employees. You indicate your dispatcher/jailers work 12 hour shifts on hourly wages at an 84 hour pay period, and when one is ill or takes leave, it is sometime difficult to find part-time replacements. Some of your staff have expressed a desire to work extra hours for compensatory time (K-time), and you would like to have this arrangement, inasmuch as your budget cannot handle the pay for overtime. Accordingly your ask the following question:
 Can these extra hours be earned as K-Time or does it require overtime pay?
In response to your inquiry we find it pertinent to point out that wherein the Fair Labor Standards Act 29 U.S.C. § 207(a) provides no employee shall work longer than forty hours a week unless he receives compensation at a rate of not less than one and one-half times the regular rate at which he is employed, there are certain exceptions. R.S. 29 U.S.C. § 207(K) establishes an exception with respect to any employee in fire protection activities or any employee in law enforcement wherein it is provided as follows:
 No public agency shall be deemed to have violated sub-section (a) of this section with respect to the employment of any employee in fire protection activities or any employee in law enforcement activities (including security personnel in correctional institutions) if —
 (1) in a work period of 28 consecutive days the employee receives for tours of duty which in the aggregate exceed the lesser of (A) 216 hours, or (B) the average number of hours (as determined by the Secretary pursuant to section 6(C)(3) of the Fair Labor Standards Amendments of 1974) in tours of duty or employees engaged in such activities in work periods of 28 consecutive days in calendar year 1975.
 (2) in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 hours (or if lower, the number of hours referred to in clause (B) of paragraph (1) bears to 28 days.
In Atty. Gen. Op. No. 97-431 this office observed that law enforcement and fire protection employees are not governed by that section of the Federal Fair Labor Standards Act that provides for payment of time and a half for time worked in excess of forty hours, and whether the officers qualify for overtime will depend upon the amount of time they worked over 171 hours in a 28 day period.
It was further observed that the Fair Labor Standards Act allows employees of a political subdivision of a state to receive in lieu of overtime compensation, compensatory time off at a rate of not less than one and one-half for each hour of employment for which overtime compensation is required when an agreement exists before the overtime was performed that there be compensatory time in lieu of cash payment.
The Department of Labor has confirmed that 171 hours in a 28 day period is still the number of hours set by the Secretary in accordance with 29 U.S.C. § 207(K).
Therefore, recognizing that employees in law enforcement activities are an exception for overtime after forty hours, we find under the Fair Labor Standards Act for any overtime there can be an agreement with employees to provide compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required pursuant to29 U.S.C. § 207(o) rather than having to pay for overtime.
We hope this sufficiently answers your inquiry.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By:______________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr